IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JACK PRESTON COVERSUP,<br><br>Defendant/Movant. | Cause No. CR 19-15-BLG-SPW<br>CV 21-80-BLG-SPW<br><br>ORDER DISMISSING § 2255<br>MOTION AND DENYING<br>CERTIFICATE OF<br>APPEALABILITY |

On July 2, 2021, Defendant/Movant Jack Preston Coversup filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Coversup is a federal prisoner proceeding pro se.

The judgment Coversup seeks to attack was entered on December 11, 2020 (Doc. 85). His appeal is pending. *See* Notice of Appeal (Doc. 88) (No. 20-30266).

A motion under 28 U.S.C. § 2255 is the equivalent of a petition for writ of habeas corpus. *See, e.g.*, *United States v. Hayman*, 342 U.S. 205, 210-19 (1952). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994), and *Sunal v. Large*, 332 U.S. 174, 178 (1947)). "Federal prisoners must exhaust their federal appellate review prior to filing a habeas corpus petition in the district court." *Feldman v. Henman*, 815 F.2d

1

1318, 1321 (9th Cir. 1987) (as amended); *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); Rule 5, Rules Governing § 2255 Proceedings for the United States District Courts, advisory committee's note (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). In addition, Ninth Circuit precedent holds that the remedy provided by § 2255 is not rendered inadequate or ineffective merely because a prisoner must await his conviction's finality before filing a § 2255 motion. *See United States v. Pirro*, 104 F.3d 297, 299–300 (9th Cir. 1997).

The Court will not entertain a § 2255 motion unless and until Coversup's direct appeal is exhausted and his conviction becomes final. No action will be taken on any motion or petition constituting a collateral attack on the judgment before Coverup's conviction becomes final by the conclusion of all proceedings on appeal, including any petition for writ of *certiorari* to the United States Supreme Court. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

This law is well-settled. A certificate of appealability is not warranted. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. Coversup's § 2255 motion (Doc. 103) is DISMISSED as premature. No action will be taken on it.

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Coversup files a Notice of Appeal of this Order.

    3.  The clerk shall ensure that all pending motions in this case and in CV 21-80-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

    DATED this 20ᵗʰ day of July, 2021.

Susan P. Watters
United States District Court

3